# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 31 - 4 | **DATE** | 3/⁄/2002 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. VAL JEAN HILLMAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for extension of time in which to file Federal Rule of Criminal Procedure 29 and 33 post-trial motions is denied.

(11) X [For further detail see order attached to the original minute order.]

| | | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | MAR 06 2002 | | | |
| ✓ | Docketing to mail notices. | date docketed | | | |
| | Mail AO 450 form. | docketing deputy initials | | | 131 |
| | Copy to judge/magistrate judge. | | | | |
| EF | courtroom deputy's initials | date mailed notice | | | |

CLERK, U.S. DISTRICT COURT

02 MAR -5 PM 3:07

FILED FOR
Date/time received in
central Clerk's Office

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Henry F. White,<br>James A. Koechle,<br>Val Jean Hillman,<br>Wayne T. Lawrence,<br>Edwin H. Cabey,<br>Vincent Ashley, and<br>Michael Berkley,<br>　　　　　　　　Defendants. | Case No. 00 CR 0031<br>HONORABLE CHARLES R. NORGLE |

DOCKETED
MAR 0 6 2002

**OPINION AND ORDER**

CHARLES R. NORGLE, SR. District Judge

Before the court is Defendant's motion for extension of time in which to file Federal Rule of Criminal Procedure 29 and 33 post-trial motions. For the following reasons, Defendant's motion is denied.

## I. BACKGROUND[1]

A federal grand jury returned a three-count indictment against defendant Val Jean Hillman ("Hillman"), charging him with violations of 18 U.S.C. § 1343. Hillman proceeded to trial, represented by attorneys Anthony Schumann ("Schumann") and Garry Payton ("Payton"). On July 10, 2001, the jury returned a verdict of guilty as to all three counts, and the court entered judgment on the jury's verdict.

After entry of judgment, Hillman decided to hire new counsel to evaluate his trial transcript and present post-trial motions, and on July 16, 2001, Hillman met with attorneys Michael

---

[1] The court takes the facts from the record and Defendant's Motion for Extension of Time in which to File Rule 29 and Rule 33 Post Trial Motions and Defendant's Response to the United States' Objection to Defendant's Motion for Extension of Time in which to File Rule 29 and Rule 33 Post Trial Motions.

Coffield ("Coffield") and Peter Stamatis ("Stamatis"). On July 16, 2001, Schumann sent a letter via fax to the court reporter, inquiring into the cost and time frame in which certain transcripts could be could be obtained. On July 17, 2001, Hillman filed a motion for an extension of time in which to file Rule 29 and Rule 33 post-trial motions, seeking an extension of time until August 30, 2001. (R. 109.) The court granted this motion, extending the time in which to file Rule 29 and Rule 33 motions until August 30, 2001. (See Minute Order of July 18, 2001 (R. 110.))

Hillman officially retained Coffield and Stamatis on July 23, 2001. Hillman kept his trial attorneys Schumann and Payton for the purpose of sentencing, but not for the purpose of preparing any post-trial motions. On July 25, 2001, attorney Schumann delivered a check to the court reporter in the sum of $3,000.00, for the preparation of the requested transcript. Schumann alleges that the court reporter then indicated to him that the transcripts would be delivered around the middle of August 2001. Schumann alleges to have had two additional conversations with the court reporter regarding the status of the transcripts, and alleges that he was first told that the transcripts would not be delivered before August 30, 2001 and then told that the transcripts would not be delivered until the middle of September. Schumann also alleges that during this last conversation, the court reporter indicated to him that she had informed the court of the fact that the transcripts would not be delivered until the middle of September and that she was instructed by the court to ask Hillman's attorneys to file another motion for extension of time and that such motion would be granted. Based on this alleged conversation, Hillman filed a second motion for extension of time on August 29, 2001. (R. 114.) It is further alleged that on September 6, 2001 one of Hillman's attorneys received a telephone call from a clerk of the court indicating that the second motion for extension of time had been granted; however, a subsequent call was received indicating that the Government was objecting to the second motion for

extension of time and that the motion was no longer granted and that a hearing would take place the following day.

The court did not rule on the second motion for extension of time, but rather indicated in a minute order that: "Defendant is given 14 days within which to reply to the government's objection to Defendant's Motions for extension of time in which to file Rule 29 and Rule 33 post trial motions." (See Minute Order of September 7, 2001 (R. 115.)) Hillman replied to the Government's objection, and in a minute order the court ordered Hillman to submit a written proffer of the motions that would be filed if the court were to grant the second motion for extension of time. (See Minute Order of October 9, 2001 (R. 117.))

## II.DISCUSSION

Federal Rule of Criminal Procedure 29(c) provides in pertinent part: "If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period." Federal Rule of Criminal Procedure 33 provides in pertinent part: "A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Federal Rule of Criminal Procedure 45 permits a court to extend the time within which a motion may be filed, with the exception that a court "may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them."

The express language of these rules are clear: a court may not extend the time for filing a post-trial motion brought pursuant to Rule 29 or Rule 33, unless the extension is granted *within* the 7-day period provided by the Rules. A district court has no authority to grant a second

request for an extension of time beyond the extension that has been given within the 7-day period granted by Rules 29 and 33. See United States v. Hocking, 841 F.2d 735, 737 (7th Cir. 1988). Therefore, any order extending the time to file a motion brought pursuant to Rule 29 or Rule 33 must be issued within the 7-day period. See id.

The Supreme Court recently addressed the issue of whether a district court has the authority to extend a post-verdict motion even one day outside of the time limit prescribed by Rule 29(c), and held that a district court lacks such authority. See Carlisle v. United States, 517 U.S. 416, 421 (1996) (stating that "[t]here is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error"). In Carlisle, the Supreme Court further indicated that district courts have no inherent authority "to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." Id. at 426. However, the Court in Carlisle left unresolved one issue that it indicated was not applicable to the case before it.[2] That unresolved issue is whether the unique circumstances doctrine would permit a district court to deviate from the express time limits prescribed by Rule 29(c). This is precisely the argument that Hillman advances to the court.

Hillman argues that an untimely motion for extension of time, his second such motion, should be allowed where the reason for the untimeliness is due to the reliance of the defendant on statements made by the court. This argument in essence seeks to have the unique

---

[2] The Court in Carlisle stated:
> Petitioner's best case is Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), which, contrary to former Federal Rule of Civil Procedure 73(a), gave effect to a notice of appeal filed more than 60 days from the entry of judgment. Thompson, however, is not pertinent here, since it expressly relied upon the 'unique circumstances' that the cause of the failure to meet the Rule's deadline was an erroneous ruling or assurance by the District Court itself. 375 U.S., at 387, 84 S.Ct., at 399 (quoting Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962 (per curiam)).

517 U.S. at 428.

circumstances doctrine applied to the facts of the present case. The unique circumstances doctrine can be traced to the Supreme Court's decisions in Thompson v. Immigration and Naturalization Service, 375 U.S. 384 (1964) and Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962).

The Seventh Circuit adopted the logic of the unique circumstances doctrine in Eady v. Foerder, 381 F.2d 980 (7th Cir. 1967). In Eady, the plaintiff had filed suit to recover damages from the defendant alleging negligence in an automobile accident. Id. at 980. The case was tried to a jury, which returned a verdict for the defendant, and the court entered judgment on the jury verdict. Id. The district court then inquired whether the plaintiff intended to file any post-trial motion, and then stated: "The Rule gives you five, ten and five days, but I will give you longer if you want." Id. at 981. The plaintiff asked for 30 days within which to file his post-trial motions, which the district court granted. Id. After receiving the plaintiff's post-trial motions, filed 28 days after the verdict, the district court reversed the jury verdict. Id. On appeal, the defendant contended that the district court erred in granting the motion because it was untimely. Id. However, the Seventh Circuit rejected the defendant's argument based on Harris Truck Lines, finding that the plaintiff had justifiably relied on the erroneous order of the district court and that such a situation fell within the unique circumstances doctrine announced by Harris Truck Lines. Id.

The validity of the unique circumstances doctrine has been questioned in recent decisions of the Seventh Circuit. See Varhol v. National R.R. Passenger Corp., 909 F.2d 1557 (7th Cir. 1990) (en banc); United States v. Hocking, 841 F.2d 735, 737 (7th Cir. 1988); Sonicraft, Inc. v. National Labor Relations Board, 814 F.2d 385, 387 (7th Cir. 1987). Regardless of the continuing validity of the unique circumstances doctrine, the Seventh Circuit applies the doctrine as

follows: "when a party performs an act which, if properly done, postponed the deadline for filing an appeal, and the party relied on the district court's conclusion that the act had been properly done, the appeal is timely if filed within the mistaken new deadline." Varhol, 909 F.2d at 1562 (citing Thompson, 375 U.S. at 387)). It bears emphasis that the unique circumstances doctrine "is limited to the situation where the district court (or, we suppose, other tribunal) assures a party that he has time to appeal, and the party relies and foregoes filing a timely appeal." Sonicraft, 814 F.2d at 387. The unique circumstances doctrine "applies only when a party has received 'specific assurances by a judicial officer' that the necessary act has been properly done." In re Bond, 254 F.3d 669, 674 (7th Cir. 2001) (quoting Osterneck v. Ernst & Whitney, 489 U.S. 169, 179 (1989)). The Seventh Circuit has indicated that such "specific assurances by a judicial officer," Osterneck, 489 U.S. at 179, require an act more affirmative than a minute order granting a party's motion for an extension of time. See Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir. 1989)). Furthermore, the specific assurance upon which the party relies must come directly from a judicial officer, and thus "[s]ubordinate employees of the judiciary have no authority to waive congressional limitations on judicial power." Sonicraft, 814 F.2d at 387.

In the present case, the logic of the unique circumstances doctrine is inapplicable to the facts present. "The rule follows where its reason leads; where the reason stops, there stops the rule." Karl Llewellyn, The Bramble Bush 157-58 (1960). Hillman's second motion for extension of time, prepared by attorney Coffield, indicates that Coffield relied on the representations of attorney Schumann, who in turn relied on the representation of the court reporter, who in turn is alleged to have been indicating the representations of the court. The court finds that this does not suffice to equal the "specific assurances of a judicial officer," Osterneck, 489 U.S. at 179,

required to trigger the applicability of the unique circumstances doctrine. The situation presented to the court in Hillman's motion for extension of time is best understood by analogy to hearsay within hearsay, and is removed numerous times from the judicial officer from whom the statement would have to originate in order for the unique circumstances doctrine to have application. Acceptance of Hillman's contention that the statements of a subordinate employee of the judiciary can bind the court would lead to a litany of ancillary litigation, not to mention the potential for abuse, and is in direct conflict with the holding of <u>Sonicraft</u>, that "[s]ubordinate employees of the judiciary have no authority to waive congressional limitations on judicial power." <u>Sonicraft</u>, 814 F.2d at 387.

Furthermore, the logic of the unique circumstances doctrine is a principle of equity and serves to spare a party of the finality that would otherwise attach to a prior decision that was not appealed. In the present case, by denying the motion for extension of time to file post-trial motions, Hillman would not be forced to accept the finality of the judgment of the court in entering the verdict of the jury. Hillman is still entitled to pursue an appeal, assuming he complies with all attendant rules.

Therefore, given the express language of Federal Rule of Criminal Procedure 29 and 33, the court lacks jurisdiction to consider the merits of Hillman's post-trial motions as they were not timely filed, and furthermore, the unique circumstances doctrine has no application to the facts of the present case.

Even if the court had jurisdiction to address Hillman's post-trial motions, the motions are without merit. The distillate of Hillman's Rule 29 and Rule 33 motions are that no reasonable jury could have found Hillman guilty beyond a reasonable doubt and that the court erred in refusing to give the jury an instruction regarding Hillman's reliance on the advice of his co-

7

defendant Edwin H. Cabey, which Hillman styles as an advice of counsel jury instruction. The court addresses each argument in turn.

In challenging the sufficiency of the evidence offered at trial to support a conviction, a defendant bears a heavy burden, which is carried only where the record contains no evidence from which a reasonable jury could find guilt beyond a reasonable doubt. See United States v. Hill, 40 F.3d 164, 166 (7th Cir. 1994). In the case of a jury trial, a reviewing court must "'defer to reasonable inferences drawn by the jury and the weight it gave to the evidence.'" Id. (citation omitted). The evidence of Hillman's guilt was overwhelming, and the court need not reiterate it in its entirety. The evidence of Hillman's guilt consisted of the testimony of cooperating witnesses and co-defendants and voluminous documentary evidence. The record contains ample evidence from which the jury could have found Hillman guilty beyond a reasonable doubt. Therefore, there is no basis for overturning the verdict of the jury and granting an acquittal or a new trial.

In order for a defendant to be entitled to a particular theory of defense, the following four elements must be satisfied: (1) the theory of defense is a correct statement of the law; (2) the theory of defense is supported by the evidence; (3) the theory of defense is not a part of the government's charge against the defendant; and (4) the failure to include an instruction of the theory of defense would deprive the defendant of a fair trial. See United States v. Santiago – Godinez, 12 F.3d 722, 727 n. 4 (7th Cir. 1993). Hillman's argument alleging error in the court's refusal to offer the jury an instruction regarding Hillman's reliance on the advice of his co-defendant Edwin H. Cabey, which Hillman styles as an advice of counsel jury instruction, is unsupported by case law or any other authority. "The lack of development of [an] argument and absence of supporting case law 'speaks to the paucity of the argument.'" United States v. Jones,

224 F.3d 621, 626 (7th Cir. 2000) (quoting United States v. Watson, 189 F.3d 496, 500 (7th Cir.

1999)). Therefore, the court views this undeveloped argument as waived and the court need not

consider it. See id.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for extension of time in which to file Rule 29

and Rule 33 post-trial motions is denied.

IT IS SO ORDERED

ENTER:

CHARLES R. NORGLE, SR. Judge
United States District Court

DATED: 3-1-02